UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GERALDINE HOLMAN, | ) | 2:10-cv-00169-HDM-PAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| LOGISTICARE SOLUTIONS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is defendants' motion for summary judgment (#44). Plaintiff has opposed (#48), and defendants have replied (#50).

On January 13, 2010, plaintiff Geraldine Holman ("plaintiff") filed a complaint in state court against defendants Logisticare Solutions ("Logisticare"), Nevada Medical Transportation ("NMT"), and Rudolph Ingram ("Ingram"). Plaintiff's complaint asserts negligence, fraud, and violation of the Americans with Disabilities Act ("ADA") and Rehabilitation Act against both NMT and Logisticare, negligent hiring, training, and supervision against NMT, and negligence as transportation broker against Logisticare. On February 8, 2010, Logisticare removed to this court. On April

1

1  5, 2010, plaintiff voluntarily dismissed Ingram.  Accordingly, only
2  NMT and Logisticare remain as defendants.
3       Plaintiff is a wheelchair-bound person who has a history of
4  many severe medical problems, including poorly controlled diabetes
5  and forefoot amputations.  Logisticare is a transportation broker
6  contracted with the State of Nevada to provide transportation
7  services for disabled Medicaid patients, such as plaintiff.  NMT,
8  now defunct, was the transportation provider Logisticare hired to
9  provide plaintiff transportation in this case.
10      On February 26, 2008, plaintiff was being placed on the lift
11 facing the van by the NMT driver.  The van was parked on a slope.
12 At the top of the lift, the driver let go of the wheelchair,
13 causing plaintiff to roll forward.  Plaintiff's ankle and lower
14 shin hit some part of the vehicle, either the wall of the van or a
15 gate at the top of the lift that prevents chairs from rolling into
16 the van or the metal part of a fold-down bench – the claims and
17 testimony differ.  Plaintiff claims that after the incident, her
18 leg was bruised and she was in pain.
19      On March 14, 2008, two weeks and two days after the incident,
20 plaintiff went to the emergency room complaining of a migraine and
21 forefoot swelling.  On March 17, 2008, her right leg was amputated
22 below the knee.  Plaintiff attributes the amputation to the
23 incident on NMT's van.
24      Summary judgment is appropriate "if the movant shows that
25 there is no genuine dispute as to any material fact and the movant
26 is entitled to judgment as a matter of law."  Fed. R. Civ. P.
27 56(a).  A material issue of fact is one that could affect the
28 outcome of the litigation and requires a trial to resolve the

differing versions of the truth. *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1483 (9th Cir. 1986). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The evidence is therefore viewed in the light most favorable to the party opposing the motion. *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998).

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978). Moreover, "[i]f the factual context makes the non-moving party's claim of a disputed fact implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial." *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998). Finally, conclusory allegations unsupported by factual data cannot defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff asserts that defendants violated the ADA and the

Rehabilitation Act by failing to take reasonable steps to ensure plaintiff equal and safe access.  Plaintiff brings her ADA claim under both Title II and Title III.  She does not seek any injunctive relief.

Defendants argue that plaintiff is entitled to only injunctive relief under the statutes cited and that because she has not requested such relief, her claim must fail.  Plaintiff responds that she is entitled to monetary damages under four theories: (1) common law negligence; (2) the Rehabilitation Act; (3) the ADA; and (4) ADA negligence per se under Title III.  In response to defendants' arguments plaintiff does not contend that she seeks injunctive relief.

Common law negligence and negligence per se are state law claims separate from plaintiff's ADA and Rehabilitation Act claims.[1]  Accordingly, plaintiff's assertion that she is entitled to monetary damages under those theories in connection with her federal claims is without merit.

Insofar as the Rehabilitation Act and Title II of the ADA are concerned, the case law is clear that compensatory damages are not available under either statute absent a showing of intentional discrimination.  *Midgett v. Tri-County Metro. Transp. Dist. of Or.*, 254 F.3d 846, 851 (9th Cir. 2001).  To show intentional discrimination in this context, the plaintiff must show the defendant was deliberately indifferent.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  "Deliberate

---

[1] *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286 (6th Cir. 1999) is clear that while a violation of ADA provisions might support a negligence per se claim, such a claim would arise under state law, and would depend on whether the state recognizes such a claim.  *See id.* at 292-95.

4

indifference requires both the knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139. In order to meet the second element of the test, a failure to act must be a result of conduct that is more than negligent and involves an element of deliberateness. *Id.* At the most, the incident here involves negligent conduct. Plaintiff has not advanced any evidence that shows there is an issue of material fact supporting a claim of deliberate indifference. The ADA regulations "do not contemplate perfect service for wheelchair-using bus commuters." *Midgett*, 254 F.3d at 849. As plaintiff has not asserted a claim for injunctive relief, no remedies are available to her under Title II of the ADA or the Rehabilitation Act.

Nor are compensatory damages available under Title III. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (Title III remedies are the same as those contained in 42 U.S.C. § 2000a-3(a), which provide for only injunctive relief).[2] While the court has the discretion to award attorney's fees to the prevailing party in a Title III action, 42 U.S.C. § 12205, *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007), the plaintiff cannot be a prevailing party under Title III where she does not seek relief available under Title III.

Plaintiff has not asserted a claim for punitive damages in her complaint in connection with her ADA and Rehabilitation Act claims, and such damages are not available under those statutes.

---

[2] Plaintiff's assertion that this case is inapposite is without merit. The general rule stated therein applies outside the context of subject matter jurisdiction.

5

The defendant's motion for summary judgment (#44) is **GRANTED** on plaintiff's federal claims. Having dismissed plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over her state law claims. A district court need not actuate supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *see Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 537 (9th Cir. 1989). Where the court declines to exercise supplemental jurisdiction, it may remand the state law claims for further proceedings. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010). Accordingly, the court hereby remands plaintiff's remaining claims, all of which are state law claims, to the Eighth Judicial District Court, in and for the county of Clark Nevada.

**IT IS SO ORDERED.**

DATED: This 9th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE